**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JANET ROLLAND, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

SPARK ENERGY, LLC,

    Defendant.

Civil Action No. 17-2680 (MAS) (LHG)

**MEMORANDUM OPINION**

## SHIPP, District Judge

This matter comes before the Court on Defendant Spark Energy, LLC's ("Defendant") motion to dismiss Plaintiff Janet Rolland's ("Plaintiff") Amended Complaint. (ECF No. 37.) Plaintiff filed opposition (ECF No. 39) and Defendant replied (ECF No. 40). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendant's motion to dismiss.

## I.    Background

The crux of the dispute is Plaintiff's claim that Defendant, an electricity utility provider, misled consumers into believing that their electricity rates would vary according to market conditions, but then charged rates incompatible with the market. (*See generally* Am. Compl., ECF No. 30.) Specifically, Plaintiff purchased electricity through Defendant from February 25, 2012 to December 24, 2014. (*Id.* ¶ 20.) Following a twelve-month, fixed-rate period, Defendant allegedly increased its electricity fees by 108%, which Plaintiff claims was incompatible with market conditions. (*Id.*) Plaintiff contends that Defendant's variable market rates were, on

average, 105% higher than the rates of local utility provider PSE&G. (*Id.*) Plaintiff asserts that, while competitor rates demonstrated price variability, Defendant's rates rose and when competitor rates *decreased*, Defendant's rates remained unchanged. (*Id.* ¶ 22.)

According to Plaintiff, "Defendant engages in a classic bait-and-switch deceptive marketing scheme aimed at consumers hoping to save on the cost of electricity." (*Id.* ¶ 2.) This deception allegedly stems from Defendant's business model, in which it offers customers a fixed rate for electricity services that is lower than the rates of other electricity providers in the area to gain their business. (*Id.* ¶¶ 2-3.) Then, while the Terms of Service imply that fluctuations in rates will occur with the market, Defendant actually retains—and utilizes—the right to increase its rates to amounts incompatible with the market. (*Id.* ¶ 17.)

On April 19, 2017, Plaintiff, on behalf of a purported class of similarly situated consumers, filed a complaint against Defendant claiming: violations of the New Jersey Consumer Fraud Act ("CFA"); breach of contract; and breach of the implied covenant of good faith and fair dealing. (Compl. ¶ 6, ECF 1.) On July 3, 2017, Defendant moved to dismiss the entire Complaint, arguing that Plaintiff failed to state a claim. (ECF No. 17.) The Court granted Defendant's motion as to Plaintiff's CFA claim, without prejudice, finding that Plaintiff failed to sufficiently plead a fraud claim under Rule 9(b), but denied the motion as to the remaining claims. (Dec. 8, 2017 Order, ECF No. 28.) The Court permitted Plaintiff to amend the Complaint to plead a CFA claim that meets the requirements of Rule 9(b). (*Id.*)

On January 8, 2018, Plaintiff filed an Amended Complaint. (ECF No. 30.) It is undisputed that the Amended Complaint is the same as the Original Complaint, except for the addition of seven paragraphs under the title "Rule 9(b) Allegations." (*Compare* Compl. *with* Am. Compl, ECF No. 30; Def.'s Moving Br. 8, ECF No. 37-1; Pl.'s Opp'n Br. 21, ECF No. 39.) Defendant now

moves to dismiss Count I of the Amended Complaint, arguing that Plaintiff again failed to adequately state a CFA claim. (Def.'s Mot. 2, ECF 37.)

## II. Legal Standard

When analyzing a Rule 12(b)(6) motion, the district court conducts a three-part analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* at 210-11. Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct," the claim is insufficient. *Iqbal*, 556 U.S. at 679 (2009).

Where a plaintiff pleads fraud, however, the plaintiff "must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b)." *Zuniga v. Am. Home Mortg.*, No 14-2973, 2016 WL 6647932, at *2 (D.N.J. Nov. 8, 2016). The CFA is subject to the heightened standard of Rule 9(b). *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 98 (D.N.J. 2011) (citing *F.D.I.C. v. Bathgate*, 27 F.3d 850, 876-77 (3d. Cir. 1994). "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198,

3

217 (3d Cir. 2002)). The purpose of Rule 9(b) is "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of . . . fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

## III. Discussion

Defendant's motion to dismiss is based on failure to: (1) meet the heightened pleading standard required for Rule 9(b); and (2) state a claim upon which relief can be granted because the only alleged misleading statement is a contractual provision, and a breach of contract, without more, is not the kind of "substantial aggravating factor" necessary for a viable CFA claim. (*See generally* Def.'s Moving Br.)

A plaintiff seeking relief under the CFA must establish: (1) unlawful conduct; (2) ascertainable loss; and (3) that a causal relationship exists between the defendant's unlawful conduct and the plaintiff's ascertainable loss. N.J.S.A. § 56:8-2; *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 525 F. App'x 94, 103 (3d Cir. 2013). Unlawful conduct includes, "any unconscionable commercial practice, deception, fraud, false pretense, false promise, [or] misrepresentation . . . in connection with the sale or advertisement of any merchandise or real estate . . . ." N.J.S.A. § 56:8-2. Where a CFA claim is based on a breach of contract, "'substantial aggravating circumstances' must be present." *Galli v. Key Motorcars, LLC*, 2012 WL 1605222, at *6 (D.N.J May 9, 2012) (citing *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 18 (N.J. 1994)).

Defendant argues that Plaintiff's Amended Complaint simply repeats the same allegations that the Court originally dismissed as inadequate under Rule 9(b). (Def.'s Moving Br. 8.) According to Defendant, the additional section of "Rule 9(b) Allegations" in the Amended Complaint "merely parrots the same unspecific and conclusory allegations that plagued Plaintiff's

4

original complaint, but now with the addition of a new heading with the words 'who, what, where, when, why, and how. . . .'" (*Id.* at 9.) Defendant argues that Plaintiff's Amended Complaint fails to reach the specificity standard illustrated in the rulings of *Melville v. Spark Energy, Inc.* and *Vitale v. U.S. Gas & Electric, Inc.*, two cases that the Court specifically identified as setting the appropriate pleading standard. (*Id.* at 1.) Defendant contends that Plaintiff, therefore, "does nothing to meaningfully address the Court's prior ruling" and the CFA claim should be dismissed. (*Id.* at 13.) The Court agrees.

Although Plaintiff argues that her Amended Complaint, particularly the additional "who, what, where, when, and how" language, provides "extensive, detailed allegations [that] more than adequately put Defendant on notice" (Pl.'s Opp'n Br. 21), the Court disagrees. The additional allegations do little to address the deficiencies previously identified by the Court and do not provide the required factual details to plead a fraud claim. Broad and conclusory allegations, absent *particular facts or circumstances*, are insufficient to state a claim based on fraud. Courts have repeatedly held that CFA claims based on sweeping legal conclusions and broad allegations will not survive a motion to dismiss. *See Solo v. Bed Bath & Beyond, Inc.*, No. 06-1908, 2007 U.S. Dist. LEXIS 31088, at *4, *7, *10, *12 (D.N.J. Apr. 26, 2017) (complaint dismissed where plaintiff failed to provide specific examples as to how defendant's misrepresentation induced plaintiff to purchase bed linens in question, such as a statement that plaintiff purchased the sheets because of a representation or that plaintiff would not have purchased the sheets had they been properly labeled); *Franulovic v. Coca-Cola Co.*, No. 07-539, 2007 U.S. Dist. LEXIS 79732, at *22-23 (D.N.J. Oct. 25, 2007) (plaintiff failed to adequately state a CFA claim under Rule 9(b) where plaintiff "only focus[ed] on [d]efendants' conduct" in connection with sale of a dietary drink and did not allege that plaintiff "actually purchased and consumed [the drink] in order to obtain

5

the advertised benefit."); *Gotthelf*, 525 F. App'x at 104-05 (affirming dismissal of CFA claim where plaintiff claimed defendant failed to disclose a defect in the HID headlamps, but did not include any factual support for the assertion); *Frederico v. Home Depot*, 507 F.3d 188, 200-01 (3d Cir. 2007) (*overruled in part on other grounds*) (affirming dismissal where plaintiff alleged defendant's vehicle return policies violated the CFA, but failed to allege when she attempted to return the truck or who informed her that she could not return the vehicle at the unspecified time).

Here, Plaintiff's CFA claim does not provide the type of factual detail necessary to satisfy Rule 9(b). Plaintiff's Amended Complaint does not allege that Plaintiff purchased electricity through Defendant based on any specific representation(s), or that price was considered by *Plaintiff* when purchasing from Defendant. (*See e.g.*, Am. Compl. ¶ 29 (alleging only that "the most important consideration for *any reasonable consumer* when choosing an energy supplier is price.") (emphasis added).) Further, although Plaintiff claims that Defendant made "material misrepresentations and omissions" the only fact to support this allegation is that Defendant provided Plaintiff its standard Terms of Service on an unspecified date in February 2012, which contains language about the variable market rate. (*Id.* ¶ 35.) This is insufficient under both the Rule 9(b) standard and to state a CFA claim as a matter of law.[1]

Plaintiff's attempt to cure these deficiencies with the simple addition of conclusory claims regarding "who, what, when, where, and how" fails to state, with particularity, the circumstances surrounding the alleged fraud. Plaintiff's CFA claim in the Amended Complaint, therefore, must be dismissed.

---

[1] To the extent that Plaintiff's CFA claim is based on a breach of contract, Plaintiff must set forth specific explanations and facts that satisfy the CFA's substantial aggravating circumstances requirement. *Suber v. Chrysler Corp.*, 104 F.3d 578, 587 (3d Cir. 1997).

6

## IV. Conclusion

For the reasons set forth above, the Court grants Defendant's motion to dismiss, without prejudice. Plaintiff will have one final opportunity to amend the CFA claim. An Order consistent with this Memorandum Opinion will be entered by the Court.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 17, 2018