# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET ROLLAND and MICHAEL HARTY, individually and on behalf all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>SPARK ENERGY, LLC,<br><br>        Defendant. | No. 3:17-cv-02680 -LHG |

**FINAL JUDGMENT AND DISMISSAL**

**THIS CAUSE** is before the Court on Plaintiffs' Uncontested Motion for Final Approval of Class Action Settlement [193] and upon Plaintiffs' Uncontested Motion for Attorneys' Fees, Expenses, and Service Award Payments [194].  Due and adequate notice having been given to the Settlement Class, a hearing having been held on December 1, 2022, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and any oral and written comments received regarding the proposed settlement, and having reviewed the record in this litigation, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. For purposes of this Final Judgment and Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the litigation, the Class Representatives, the Class Members, and the Released Persons ("the Settling Parties").

3. With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds as to the Settlement Class that:

    (a) the Class is so numerous that joinder of all members is impracticable;

    (b) there are questions of law or fact common to the Class;

    (c) the claims of the Class Representatives are typical of the claims of the Class;

    (d) the Class Representatives will fairly and adequately protect the interests of the Class;

    (e) questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and,

    (f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of and solely in connection with the Settlement, the Court certifies this action as a class action on behalf of the following Settlement Class:

> All residential consumers who became Spark Energy, LLC customers prior to January 1, 2016, and who paid Spark Energy, LLC for electricity supply on a variable rate during the Class Period, and all residential persons and small businesses who became Spark Energy Gas, LLC customers prior to January 1, 2016, and who paid Spark Energy Gas, LLC for natural gas supply on a variable rate during the Class Period.[1]

Excluded from the class are: (a) the Spark Energy Defendants; (b) the officers, directors, and employees of the Spark Energy Defendants; (c) any entity in which the Spark Energy Defendants have a controlling interest; (d) any affiliate or legal representative of the Spark Energy Defendants; (e) the Judge to whom the Action is assigned, the Judge's staff and any member of their immediate family; and (f) any heirs assigns and/or successors of any such persons or entities in their capacity as such.

5. The Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Court hereby finds and concludes that (1) the Short-Form Notice and Reminder Notice were disseminated to members of the Settlement Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order, and (2) the Long-Form Notice, the Claim Form, and the Settlement Website complied with this Court's Preliminary Approval Order.

---

[1] All the dates are the dates invoices were generated for customers.

7. The Court finds and concludes that the Short-Form Notice, Reminder Notice, the Long-Form Notice, the Claim Form, the Settlement Website, and all other aspects of the notice, opt-out and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class and the Settlement Class Members.

8. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties.

9. The Court finds and concludes that the Settlement is fair, reasonable, and adequate and should be approved.

10. The Court hereby approves the Settlement (as set forth in the Settlement Agreement), the Releases, and all other terms in the Settlement Agreement, as fair, just, reasonable and adequate as to the Releasing Parties.  The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.  However, without seeking further Court approval, the Parties may jointly agree to make changes to the Settlement Agreement, including to the manner in which the claims process shall be administered, provided that those changes do not reduce the benefits to which Settlement Class Members may be entitled, increase the burden on Settlement Class Members in making a Claim, or otherwise materially alter the Parties' obligations under the Settlement and the Settlement Agreement.

11. By this Judgment, the Releasing Parties shall be deemed to have (and by operation of the Judgment shall have) fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons.

12. This action is dismissed with prejudice. The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

13. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Settlement Agreement and/or the Judgment from this litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. If for any reason the Effective Date does not occur, then (1) the certification of the Settlement Class shall be deemed vacated, (2) the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and (3) the Parties and Releasing Parties shall return to the *status quo ante* in the litigation as it existed on August 23, 2022, without prejudice to the right of any of the Parties and Releasing Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

15. Upon consideration of Plaintiffs' Uncontested Motion for Attorneys' Fees, Expenses, and Service Award Payments, the motion is GRANTED. Consistent with Section 7.1

of the Settlement Agreement, Defendants shall pay Class Counsel $2,860,000 in attorneys' fees and $250,000 in litigation expenses, consistent with the terms of the Settlement Agreement. Per the Settlement Agreement, this award shall be paid separate and apart from the amounts received by Settlement Class Members who submitted Valid Claims. In making this award, the Court has considered and found that:

(a) The Class Notice advised that Class Counsel would move for an award of attorneys' fees of no more than $2,860,000 and reimbursement of expenses of no more than $250,000.00, which Defendants would not challenge;

(b) The Action involves complex factual and legal issues, which, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(c) D. Greg Blankinship, Todd S. Garber, Chantal Khalil and their firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, and Matthew Mendelsohn of Mazie Slater Katz & Freeman, LLC skillfully and zealously pursued this complex Action on behalf of the Class Representatives and the Class;

(d) The hourly rates charged by Class Counsel are reasonable;

(e) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representatives and the Class would recover less or nothing from the Defendants; and

(f) The amount of attorneys' fees awarded herein are consistent with awards in similar cases.

16. Upon consideration of Class Counsel's request for Service Awards to Class Representatives for Plaintiffs Rolland, Harty, and Burger each in the amount of $5,000 and IUE-

CWA Local 901 in the amount of $10,000 (for a total of $25,000.00), the request is GRANTED. Consistent with the terms of Section 7.2 of the Settlement Agreement, the Spark Energy Defendants shall pay the Class Representatives the Service Awards. Per the Settlement Agreement, these Service Awards shall be paid separate and apart from the amounts received by Settlement Class Members who submitted Valid Claims.

17. Within 120 days from the Effective Date, the Settlement Administrator shall destroy all personally identifying information about any Class Member in its possession, custody, or control, including (but not limited to) any list that the Settlement Administrator received from Defendants in connection with the Settlement Administrator's efforts to provide Notice to Class Members.

18. Each and every Class Member, and any person actually or purportedly acting on behalf of any Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Persons. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. The foregoing is not intended to limit the rights, if any, of any regulatory authorities.

19. This document is a final, appealable order, and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure. By incorporating the Settlement Agreement's terms herein, the Court determines that this Judgment complies in all respect with Federal Rule of Civil Procedure 65(d)(1).

    20.    The Clerk of Court is directed to close this case.

Dated: December 5, 2022
Trenton, New Jersey                   SO ORDERED:

                                          Hon. Lois H. Goodman, U.S.M.J.